UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-21165-MOORE/STRAUSS

**ALBERTO ARIZA LARRINUA,**

      Plaintiff,

v.

**CAROLYN COLVIN,**
Acting Commissioner of Social Security,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on Plaintiff's Unopposed Motion for Attorney Fees Under the Equal Access to Justice Act ("Motion") [DE 24]. The Motion was referred to me to take all necessary and proper action as required by law and/or to issue a Report and Recommendation [DE 25]. For the reasons stated below, I respectfully **RECOMMEND** that the Motion [DE 24] be **GRANTED**.

On September 12, 2024, the Court entered an Order [DE 23] granting Defendant's unopposed motion to remand this matter to the Commissioner of Social Security, reversing and remanding this matter to the Commissioner for further proceedings. Pursuant to the Motion, Plaintiff now seeks an award of attorney's fees in the amount of $6,409.04. This sum includes 26.2 hours expended by Plaintiff's counsel at an hourly rate of $244.62.

A party is entitled to an award of attorney's fees under the Equal Access to Justice Act ("EAJA") if: "(1) the party prevailed in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the party timely files an application for attorney fees; (4) the party had a net worth of less than $2 million when the complaint was filed;

and (5) no special circumstances would make the award of fees unjust." *Ochoa v. Comm'r of Soc. Sec.*, No. 19-80802-CIV, 2020 WL 4208042, at *1 (S.D. Fla. July 22, 2020) (citing 28 U.S.C. § 2412(d); *Delaney v. Berryhill*, No. 17-81332-CIV, 2018 WL 7820219, at *1 (S.D. Fla. Nov. 14, 2018)).  A plaintiff in a social security appeal prevails if the court orders a sentence-four remand. *See Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993).

Plaintiff has satisfied the foregoing requirements.  First, Plaintiff is a prevailing party because the Court remanded the case under sentence four of 42 U.S.C. § 405(g).  *See* [DE 23]. Second, in the Motion, Plaintiff argues that the Government's position was not substantially justified.  Given that it is the Government's burden to show substantial justification, and given that the Government does not oppose the Motion, I agree with Plaintiff that the second EAJA requirement is satisfied here.

Third, the Motion was timely filed.  The prevailing party must move for attorney's fees within thirty days of final judgment.  28 U.S.C. § 2412(d)(1)(B).  The EAJA defines a final judgment as "a judgment that is final and not appealable." 28 U.S.C. § 2412(d)(2)(G).  A judgment against the United States, its agencies, or its officers sued in their official capacities can be appealed "within 60 days after entry of judgment." Fed. R. App. P. 4(a)(1)(B).  Therefore, after a sentence-four remand, a prevailing party's EAJA fee application is timely when filed within 90 days after the entry of judgment.  Here, the Motion was filed within 90 days after the Court remanded this matter.

Fourth, Plaintiff has satisfied the net worth requirement.  The Motion notes that Plaintiff's net worth was less than $2 million dollars at the time this proceeding was filed.  Moreover, Plaintiff was granted leave to proceed in forma pauperis in this matter [DE 5].  Finally, I find that no special circumstances make an award of fees unjust, particularly given that the Motion is unopposed.

2

Thus, Plaintiff has satisfied the EAJA requirements. Therefore, I find that Plaintiff is entitled to an award of reasonable attorney's fees.

As for the amount of fees, the EAJA provides that

fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

Plaintiff's counsel requests compensation at an hourly rate of $244.62. Counsel asserts that the statutory rate of $125 is subject to a cost-of-living adjustment as the EAJA took effect in March 1996. I find that the requested hourly rate is within the range of market rates for South Florida attorneys who represent plaintiffs in similar actions. Furthermore, courts consider the application of the cost of living adjustment "next to automatic." *See Meyer v. Sullivan*, 958 F.2d 1029, 1035 n. 9 (11th Cir. 1992). Therefore, I find that the requested hourly rate of $244.62 is reasonable. Additionally, having reviewed the hours billed by counsel (26.2 hours), I find that such hours are reasonable. Accordingly, I conclude that $6,409.04 represents a reasonable fee in this case. Therefore, I recommend that such fees be awarded.

Attorney's fees awarded under the EAJA are payable to the plaintiff. *See Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). As such, the payment is subject to a government offset to satisfy any pre-existing debt that the litigant owes the United States. *Id.* Pursuant to the Motion, Plaintiff requests that the fees sought be paid to Plaintiff's attorney provided that Plaintiff does not owe a debt to the United States. I recommend that the District Court grant this request. I note that Plaintiff has assigned the right to any EAJA fees to Plaintiff's counsel. *See* [DE 24-1].

## CONCLUSION

Based on the foregoing, I respectfully **RECOMMEND** that the Motion [DE 24] be **GRANTED** and that the District Court award Plaintiff attorney's fees in the amount of **$6,409.04**, with such fees being paid to Plaintiff's attorney provided that Plaintiff does not owe a debt to the United States.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable K. Michael Moore, United States District Judge. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

**DONE AND SUBMITTED** in Fort Lauderdale, Florida this 17th day of December 2024.

Jared M. Strauss
United States Magistrate Judge