UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:24-cv-21165-KMM

ALBERTO ARIZA LARRINUA,

    Plaintiff,

v.

MARTIN O'MALLEY,
Acting Commissioner of Social Security,

    Defendant.
    _____/

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Plaintiff Alberto Ariza Larrinua's ("Plaintiff") Unopposed Roger Acosta's Motion for Attorney's Fees and Costs Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) ("Motion" or "Mot.") (ECF No. 24). The Motion was referred to the Honorable Jared M. Strauss, United States Magistrate Judge (ECF No. 25) who issued a Report and Recommendation, ("R&R") (ECF No. 26), recommending that the Motion be GRANTED. No objections to the R&R were filed, and the time to do so has now passed. The matter is now ripe for review. As set forth below, the Court ADOPTS the R&R.

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). The Court "must consider *de novo* any objection to the magistrate judge's recommendation." Fed. R. Crim. P. 59(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general

objection to the report" to warrant *de novo* review. *Id.* Yet when a party has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

In his Report and Recommendation, Magistrate Judge Strauss concludes that (1) Plaintiff is entitled to an award of attorney's fees under the EAJA, (2) Plaintiff's request for reimbursement at the hourly rate of $244.62 is reasonable, and (3) Plaintiff may recover $6,409.04 in attorney's fees for 26.2 hours of work performed. R&R at 3–4. This Court agrees.

Accordingly, UPON CONSIDERATION of the Motion, the R&R, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the R&R (ECF No. 26) is ADOPTED. Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act is GRANTED. Plaintiff is awarded $6,409.04 in attorney's fees, to be paid to Plaintiff directly, subject to offset by any debt owed by Plaintiff to the United States.

DONE AND ORDERED in Chambers at Miami, Florida, this  6th   day of January 2025.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record